IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAWN BUFORD, on behalf of herself and all similarly situated individuals, | ) )  Civil Action No. ) |
| Plaintiff, | ) ) |
| v. | )  JURY TRIAL DEMANDED ) |
| DELTA DENTAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

_____

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Dawn Buford ("Plaintiff") on behalf of herself and all others similarly situated, and files this Complaint against Defendant Delta Dental Insurance Company ("Defendant" or "Delta Dental"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Delta Dental.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff and all similarly situated employees in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's and all similarly situated individuals' employment with Defendant (hereinafter referred to as the "relevant time period").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Delta Dental Insurance Company is an Illinois company and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of the Court.

6.

Plaintiff was employed by Defendant in Georgia as a "billing and reconciliation" worker from December, 2013 to March, 2015 ("Employment Period").

7.

Plaintiff was an "employee" of Defendant, as defined under FLSA, 29 U.S.C. §203(e).

8.

During her employment period, Buford's primary duty was the performance of non-exempt work, specifically making collections calls to Defendant's customers to attempt collection of past due dental insurance premiums. Plaintiff's primary duty of collections work was not directly related to the management or general business operations of Delta Dental or its customers; nor did Buford's primary duty involve the exercise of discretion and independent judgment on matters of significance.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

During her employment period, Plaintiff was paid on a salary basis without overtime compensation for hours she worked in excess of 40 in a workweek.

11.

During her employment period, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

During her employment period, Defendant misclassified Buford as exempt from the overtime requirements of the FLSA.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

During her employment period, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

16

### IV. FLSA Collective Action Allegations

Plaintiff brings this Complaint on behalf of herself and all similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendant during the last three years as "billing and reconciliation analyst," "billing specialist," and "billing analyst," (hereinafter the "Collective Class")

17.

Plaintiff and the Collective Class worked for Defendant within the past three years.

18.

Defendant hired Plaintiff on or about December 9, 2013 as a Billing & Reconciliation Analyst in the Alpharetta, Georgia office.

19.

Plaintiff and the Collective Class performed work that primarily included the performance of non-exempt work, specifically making collections calls to Defendant's customers to attempt collection of past due dental insurance premiums. Plaintiff's primary duty of collections work was not directly related to the management or general business operations of Delta Dental or its customers; nor did Buford's primary duty involve the exercise of discretion and independent judgment on matters of significance.

20.

Plaintiff and the Collective Class performed its primary duty pursuant to guidelines promulgated by Defendant, including scripted pitches and directed targeting of specific categories of customers.

21.

Plaintiff and the Collective Class' primary duty did not consist of work directly related to management policies or the general operations of the business.

22.

Plaintiff's and the Collective Class' primary duty did not require the exercise of discretion and independent judgment with respect to matters of significance.

23.

Plaintiff and the Collective Class did not supervise two (2) or more employees and had no hiring or firing authority over other employees.

24.

Plaintiff and the Collective Class were paid pursuant to a base income plus bonuses.

25.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

26.

Defendant was aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek during the relevant time period.

## Count V

## Violations of the Fair Labor Standards Act.

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of 40 hours in given workweeks.

29.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff and Collective Class brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

30.

Defendant's violations of the FLSA were willful and in bad faith.

31.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

32.

Defendant knew or had reason to know that Plaintiff and Collective Class regularly worked over 40 hours in workweeks without overtime compensation.

33.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff's and Collective Class' sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## VI.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 10th day of August, 2015.

                          **BARRETT & FARAHANY, LLP**

                          s/TK Smith
                          Tequiero M. "TK" Smith
                          Georgia Bar No. 199325
                          Amanda A. Farahany
                          Georgia Bar No. 646135
                          Attorneys for Dawn Buford

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile