SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

1.      This Settlement Agreement and General Release ("Agreement") is entered into by and between, on one hand, Dawn Buford (the "Employee") and, on the other hand, Delta Dental Insurance Company ("Employer") (collectively, the "Parties") and all of its respective past and present parents, subsidiaries or affiliates, and its respective past or present predecessors, successors, assigns, representatives, managers, officers, directors, agents, and Employees.

2.      Non-Admission. This Agreement does not constitute an admission by Employer of any violation of any law or statute and the Parties agree neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.      The Employee has filed a complaint styled *Dawn Buford v. Delta Dental Insurance Company*, Case No. 1:15-cv-02805, which is currently pending in the United States District Court for the Northern District of Georgia (the "Lawsuit"). In the Lawsuit, Employee has asserted a claim for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 216 *et seq*. The Employee and Employer desire fully and finally to resolve this and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Employee against Employer relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. The Employee represents Employee has no other charges, actions, or claims pending on Employee's behalf, other than those set forth in this paragraph.

4.      Payment to Employee. In consideration for signing this Settlement Agreement and Mutual General Release and the fulfillment of the promises herein, Employer agrees to pay the Employee and her counsel the total sum of TWENTY-EIGHT THOUSAND DOLLARS AND ZERO CENTS ($28,000.00). The payment shall be made in the following disbursements:

    (a)     Within fourteen (14) calendar days of the last to occur of (i) receipt by Employer's counsel, Kristy Offitt, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street NE, Suite 4800, Atlanta, GA 30303, of a copy of this Agreement duly executed by Employee; (ii) the Court's approval of the settlement of this case; or (iii) receipt of all necessary IRS W9 forms:

        (i)     Payment to Employee for Claim for FLSA Unpaid Overtime Wages Claim. Employer agrees to pay the Employee, as payment for claims for unpaid wages, the gross sum of EIGHT THOUSAND ONE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($8,162.50), less all applicable withholding taxes and payroll deductions. Employee agrees to complete any necessary IRS forms, as determined by Employer, prior to receipt of this payment.

        (ii)    Payment to Employee for Liquidated Damages for FLSA Unpaid Overtime Wages Claim. Employer agrees to pay the Employee, as payment for

_____          _____
Employee               Employer
(Initials)             (Initials)

liquidated damages, the gross sum of EIGHT THOUSAND ONE HUNDRED SIXTY-TWO DOLLARS AND FIFTY CENTS ($8,162.50). Even though this Agreement provides for liquidated damages, Employer specifically denies any violations, or willful violations, of the FLSA. Employee agrees to provide a completed IRS Form W-9 prior to receipt of this payment.

(iii) <u>Payment for Attorneys' Fees and Costs</u>. As payment for attorneys' fees and costs, the gross and net sum of ELEVEN THOUSAND SIX HUNDRED SEVENTY-FIVE DOLLARS AND ZERO CENTS ($11,675.00) to Employee's attorneys, BARRETT & FARAHANY, LLP (EIN 36-4623742)—Employee agrees to provide a completed IRS Form W-9 for her attorneys prior to receipt of this payment.

The above payment(s) shall be inclusive of all claims for attorneys' fees and expenses. The appropriate IRS form(s) shall be issued reflecting the payment(s).

5. <u>Withdrawal of Claims</u>. Prior to receipt of the payment specified in paragraph 4, the Employee agrees to dismiss with prejudice the Lawsuit and any and all other claims, charges, or complaints the Employee has initiated or others have initiated on the Employee's behalf against Employer in any forum. Employee will cooperate in the filing of all documents and other materials necessary to obtain Court approval of this settlement.

6. <u>Waiver and Mutual Release of Claims</u>. The Employee, on behalf of Employee, Employee's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges without limitation Employer and all of its respective past and present predecessors, successors, assigns, representatives, managers, shareholders, owners, officers, directors, agents, Employees, insurers, and insurers' representatives, from any and all claims and rights of any kind Employee may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way connected with Employee's employment with Employer, as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964; the Pregnancy Discrimination Act; the Fair Labor Standards Act (including without limitation any claims for unpaid regular or overtime wages and any claim for retaliation or interference under that statute), 42 U.S.C. § 1981; the Equal Pay Act; the Americans With Disabilities Act; the Age Discrimination in Employment Act; Sections 503 and 504 of the Rehabilitation Act of 1973; Family Medical Leave Act; Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Older Workers' Benefit Protection Act; the Workers' Adjustment and Retraining Notification Act, as amended; and any state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees.

DB
Employee
(Initials)

Employer
(Initials)

The only exceptions to Employee's waiver and release of claims are (a) claims for breach of this Agreement; (b) independent claims which arise entirely after the effective date of this Agreement and which are based entirely on acts, communications, and omissions that occur entirely after the effective date of this Agreement; and (c) any other claim which cannot be released as a matter of law.

7. **Non-Interference.** Nothing in this Agreement shall interfere with the Employee's right to file a charge, cooperate, or participate in an investigation or proceeding conducted by the EEOC and/or state, county, or local fair employment practices agency, or other federal or state regulatory or law enforcement agency. However, the consideration provided to the Employee in this Agreement shall be the sole relief provided to the Employee for the claims that are released by the Employee herein and Employee will not be entitled to recover and agrees to waive any monetary benefits or recovery against Employer in connection with any such claim, charge, or proceeding without regard to who has brought such Complaint or Charge.

8. **Payment of Applicable Taxes.** The Employee is and shall be solely responsible for all federal, state, and local taxes that may be owed by Employee by virtue of the receipt of any portion of the monetary payment provided under this Agreement. The Employee agrees to indemnify and hold Employer harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration paid to the Employee under this Agreement only.

9. **No Encouragement of Claims.** Employee covenants and agrees she shall not in any way encourage or assist any person or entity (including, but not limited to, any past, present, or future employee(s) of Employer and/or its related companies and entities) to take any legal or administrative action against any of the released parties, except as otherwise protected by applicable law. This specifically includes any communication with any newspaper or other news media (including communication on any social media websites, blogs, or chat groups, etc.).

10. **Nondisclosure.** Except as provided in Paragraph (11) hereof, Employee agrees that she will make no disclosure, in any manner whatsoever, of any information of any kind concerning this Agreement, including, without limitation, the terms of this Agreement and the consideration provided hereunder (further, including intimating in any way the amount of consideration provided Employee hereunder), to any person, persons, agencies, or organizations (including any current or former employee of Employer and/or of its related companies and entities), and she hereby warrants and represents that she has not made any such disclosure. This specifically includes any communication with any newspaper or other news media (including communication on any social media websites, blogs, or chat groups, etc.).

11. **Permitted Disclosure.** Notwithstanding the provisions of Paragraph (10) hereof, nothing in this Agreement shall prohibit Employee from discussing the existence and terms of this Agreement with a tax, legal, or financial advisor, advising a government taxing authority, or testifying about the existence and terms of this Agreement pursuant to court order or subpoena

DB
Employee
(Initials)

Employer
(Initials)

properly issued by a governmental authority; provided, however, that before disclosing any such information to any such person or entity, Employee shall advise such person or entity that the terms of this Agreement are confidential, and, further, that the disclosure of such terms is prohibited.

12. <u>Confidentiality</u>. Employee acknowledges the particular value to Employer of the confidentiality provisions set forth in Paragraphs (9) and (10), any breach of which cannot reasonably or adequately be compensated in any action at law. The parties agree that, in any litigation ensuing regarding an alleged breach of Paragraph (9) or (10), the prevailing party shall be entitled recover to reasonable attorneys' fees and costs, without reinstatement of any claim, right, or demand settled by and through this Agreement.

13. <u>Transfer of Claims</u>. The Employee represents and warrants Employee has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim. The Employee agrees to indemnify and hold Employer harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action, or judgments based on or arising out of any such assignment or transfer. Employee further warrants there is nothing that would prohibit Employee from entering into this Agreement.

14. <u>No Re-Employment</u>. The Employee hereby understands and agrees Employee will not be re-employed by the Employer in the future and Employee will never knowingly apply to the Employer, and any of its subsidiaries, affiliates, parents or divisions for any job or position in the future. The Employee agrees if Employee knowingly or unknowingly applies for a position and is offered or accepts a position with Employer and any of its subsidiaries, divisions or affiliates, the offer may be withdrawn and the Employee may be terminated without notice, cause, or legal recourse.

15. <u>Non-Disparagement and Incitement of Claims; Neutral Reference</u>.

(a) The Employee agrees Employee will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of the Employer. In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement and the Employee will be required to reimburse the Employer for any and all compensation and benefits paid under the terms of this Agreement. The Employee also agrees Employee will not encourage or incite other current or former employees of Employer to disparage or assert any complaint, claim, or charge, or to initiate any legal proceeding, against Employer. The Parties agree, to the extent Employee would like Employer to provide an employment reference for Employee, Employer will provide a neutral employment reference providing only Employee's positions held, dates of employment and rate of pay.

(b) Employer agrees to direct Wendy Waddell and Luis Huaza not to make any statement or representation to the public or any third party concerning Employee that would

Page 4 of 7

_NB_  
Employee  
(Initials)

_[signature]_  
Employer  
(Initials)

reasonably be expected to have the effect of defaming, maligning or damaging the reputation or goodwill of Employee.

16. <u>Employee is Not Prevailing Party</u>. The Employee shall not be considered a prevailing party for any purpose.

17. <u>Enforcement</u>. It is further understood and agreed if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

18. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between the Employee and Employer with respect to any and all disputes or claims that the Employee has, or could have had, against Employer as of the date this Agreement is executed, and supersedes all other agreements between the Employee and Employer with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both the Employee and Employer.

19. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Employee that is not invalid.

20. <u>Acknowledgement Of Medicare's Interest and Indemnification and Release of Employer by Employee.</u> This settlement is based upon a good faith resolution of a disputed claim. The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and to comply with both federal and state law. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this settlement, or Employee's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this settlement. Employee represents and agrees Employee will indemnify, defend and hold Employer harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages (including multiple damages) from Employer relating to Employee's alleged injuries, claims or lawsuit, Employee will defend and indemnify Employer, and hold Employer harmless from any and all such damages (including multiple damages), claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities. Employee agrees to waive any and all private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq.*

21. <u>Acknowledgement That Employee Not A Medicare Beneficiary, No Medical Claims Exist, No Medical Expenses Paid by Medicare.</u> Employee declares and expressly warrants

NB
Employee
(Initials)

Employer
(Initials)

Employee is not Medicare eligible, is not a Medicare beneficiary, and is not within thirty (30) months of becoming Medicare eligible. Employee also declares and expressly warrants Employee is not 65 years of age or older; is not suffering from end stage renal failure or amyotrophic lateral sclerosis; has not received Social Security benefits for twenty-four (24) months or longer; and/or Employee has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Employee affirms, covenants, and warrants Employee has made no claim for illness or injury against, or is Employee aware of any facts supporting any claim against the released parties under which the released parties could be liable for medical expenses incurred by the Employee before or after the execution of this agreement. Because Employee is not a Medicare recipient as of the date of this release, Employee is aware of no medical expenses which Medicare has paid and for which the released parties are or could be liable now or in the future. Employee agrees and affirms, to the best of Employee's knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist.

22. <u>Employee's Acknowledgement</u>. The Employee acknowledges no representation, promise, or inducement has been made other than as set forth in this Agreement, and the Employee enters into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein. The Employee further acknowledges and represents Employee assumes the risk for any mistake of fact now known or unknown, and Employee understands and acknowledges the significance and consequences of this Agreement and represents its terms are fully understood and voluntarily accepted. The Employee also acknowledges the following: (a) Employee has consulted with or has had the opportunity to consult with an attorney of Employee's choosing concerning this Agreement and has been advised to do so by Employer; and (b) Employee has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Employee's own judgment and/or the advice of Employee's attorney. The Employee acknowledges Employee has been given a reasonable time to consider the terms of this Agreement. The Employee acknowledges Employee is getting more consideration under this Agreement than Employee is otherwise entitled. Employee acknowledges the proceeds of this Agreement shall not be cause for the recomputation of any of Employee's individual benefits that may have been provided by Employer, including but not limited to, retirement benefits. Employee and Employer further understand and acknowledge they are only releasing claims in paragraph 6 of the Agreement that arose prior to the execution of this Agreement.

23. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

24. <u>Choice of Law.</u> This Settlement Agreement and Mutual General Release is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.

Page 6 of 7

Employee
(Initials)

Employer
(Initials)

| DAWN BUFORD | DELTA DENTAL INSURANCE COMPANY |
|---|---|
| *[signature]* | By: *[signature]* |
| Date: 10/13/15 | Name: JAMAL NASR |
|  | Title: VICE PRESIDENT |
|  | Date: 10/21/2015 |

22608650.1

Employee
(Initials)

Employer
(Initials)